**IN THE UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| VICTORIANO ROMERO-GONZALEZ,<br>Petitioner,<br>v.<br>WARDEN, et al.,<br>Respondents. | Case No. 5:26-cv-05170-RAO<br><br>**ORDER GRANTING PETITION IN PART FOR WRIT OF HABEAS CORPUS** |

Petitioner Victoriano Romero-Gonzalez ("Petitioner"), a non-citizen currently in immigration custody and represented by counsel, filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 ("Petition") on September 8, 2026. Dkt. No. 1 ("Pet.").

Petitioner claims that his current detention violates the Fifth Amendment's Due Process Clause and Section 1226(a) the Immigration and Nationality Act. Pet. at 14-19. The Petition seeks Petitioner's immediate release or, alternatively, a bond hearing. *Id*. at 20. Respondents oppose the Petition, arguing that Petitioner's recent federal conviction for a theft crime subjects him to mandatory detention under Section 1226(c)(1)(E)(ii). *See generally* Dkt. No. 8 ("Ans."). In his Reply, Petitioner contends that the Ninth Circuit decision in *Rodriguez Vazquez v. Bostock*, 183 F.4th

1160 (9th Cir. 2026), mandates that Petitioner be provided with a bond hearing under Section 1226(a). Dkt. No. 9 ("Reply") at 1-4. Petitioner also disputes that his federal conviction qualifies as a "theft" offense under Section 1226(c)(1)(E)(ii). *Id.* at 4-6.

The Court incorporates the factual background set forth in the Petition, which is uncontested by Respondents. *See generally* Pet. Based on the facts presented in the Petition, the Court finds that due process requires Petitioner be provided an individualized bond hearing before an immigration judge and does not reach the issue of whether Petitioner's conviction qualifies as a theft offense triggering mandatory detention under Section 1226(c).

A court may grant a writ of habeas corpus to a petitioner who demonstrates to be in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). The statute does not require a person to be physically imprisoned to be in custody; rather, habeas relief is available where the person is subject to "restraints not shared by the public generally." *Jones v. Cunningham*, 371 U.S. 236, 240 (1963).

"The Due Process Clause of the Fifth Amendment prohibits the Government from depriving individuals of their life, liberty, or property, without due process of law." *Hernandez v. Sessions*, 872 F.3d 976, 990 (9th Cir. 2017). "It is well-established that the Fifth Amendment entitles aliens to due process of law in deportation proceedings." *Reno v. Flores*, 507 U.S. 292, 306 (1993) (citation omitted). Due process protections include noncitizens, "whether their presence here is lawful, unlawful, temporary, or permanent," and those subject to a final order of deportation. *Zadvydas v. Davis*, 533 U.S. 678, 693–94 (2001). "Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that Clause protects." *Id*. at 690.

The Due Process Clause generally "requires some kind of a hearing before the State deprives a person of liberty or property." *Zinermon v. Burch*, 494 U.S. 113, 127 (1990). Although the government may have discretion over the initial decision

to detain or release a noncitizen, "the government's decision to release an individual from custody creates 'an implicit promise,' upon which that noncitizen may rely, that their liberty 'will be revoked only if [they] fail[ ] to live up to the . . . conditions [of release].'" *Pinchi v. Noem*, 792 F. Supp. 3d 1025, 1032 (N.D. Cal. 2025) (quoting *Morrissey v. Brewer*, 408 U.S. 471, 482 (1972)). "Thus, even when ICE has the initial discretion to detain or release a noncitizen pending removal proceedings, after that individual is released from custody she has a protected liberty interest in remaining out of custody." *Pinchi*, 792 F. Supp. 3d at 1032 (citing *Romero v. Kaiser*, No. CV 22-20508, 2022 WL 1443250, at *2 (N.D. Cal. May 6, 2022)).

Petitioner's due process claim is analyzed "in two steps: the first asks whether there exists a protected liberty interest under the Due Process Clause, and the second examines the procedures necessary to ensure any deprivation of that protected liberty interest accords with the Constitution." *Garcia v. Andrews*, No. CV 25-1884-TLN (SCR), 2025 WL 1927596, at *2 (E.D. Cal. July 14, 2025) (citing *Kentucky Dep't of Corrections v. Thompson*, 490 U.S. 454, 460 (1989)). The Court analyzes each step in turn.

Here, Petitioner, a citizen of Mexico, entered the United States in 1999 without inspection. Pet. at 7. He is married and has two adult daughters. *Id*. For many years he owned and operated a transmission repair shop, which was designated as an essential business during the COVID pandemic. *Id*. He has filed federal income tax returns for more than 10 consecutive years using a taxpayer identification number issued by the Internal Revenue Service. *Id*. In 2018, Petitioner and his wife adopted a minor child with severe and permanent disabilities and are his primary caregivers. *Id*. at 8.

In March 2025, Petitioner pleaded guilty in federal court to two counts of transporting stolen goods in foreign commerce. *Id*. at 9. He was sentenced to six-months of imprisonment. *Id*. He completed his sentence on May 20, 2026, and was

taken into immigration custody. *Id*. at 9-10. He was served a Notice to Appear the same date. *Id*. at 10. His removal proceedings are ongoing.

Petitioner has a liberty interest in his continued freedom. *See Lopez v. Lyons*, No. CV 25-3174-DJC (CKD), 2025 WL 3124116, at *3 (E.D. Cal. Nov. 7, 2025); *Pinchi v. Noem*, 792 F. Supp. 3d 1025, 1032 (N.D. Cal. 2025); *see also Noori v. LaRose*, No. CV 25-1824-GPC (MSB), 2025 WL 2800149, at *10 (S.D. Cal. Oct. 1, 2025) ("Petitioner is not an 'arriving' noncitizen but one that has [been] present in our country for over a year. This substantial amount of time indicates he is afforded the Fifth Amendment's guaranteed due process before removal."). Even if Respondents correctly assert that the government lawfully revoked Petitioner's release because of his recent conviction, Petitioner retains his protected liberty interest. *Singh v. Chestnut*, No. CV 26-546-DJC (AC), 2026 WL 266021, at *2 (E.D. Cal. Feb. 2, 2026) ("Even where the revocation of a person's freedom is authorized by statute, that person may retain a protected liberty interest under the Due Process Clause." (citations omitted)).

Given Petitioner's protected liberty interest, the Court must determine what procedural protections are due to protect that liberty interest. *See Mathews v. Eldridge*, 424 U.S. 319, 335 (1976). This requires balancing the three factors the Supreme Court set forth in *Mathews*. *See Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1206–07 (9th Cir. 2022) (assuming without deciding that *Mathews* applied and applying test in immigration detention context); *Perez Bueno v. Janecka*, No. CV 25-3376-CAS (BFM), 2026 WL 309934, at *3 (C.D. Cal. Feb. 5, 2026) (applying *Mathews* test and ordering immediate release of noncitizen asylum applicant previously released on own recognizance by DHS who was detained without pre-detention notice or hearing). Courts must consider: (1) "the private interest that will be affected by the official action"; (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or

substitute procedural safeguards"; and (3) "the [g]overnment's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Mathews*, 424 U.S. at 335.

With respect to the first factor, Petitioner has a substantial interest in remaining out of immigration custody. Prior to his recent detention, Petitioner had established a life in the United States—he has a family and built his own business. Petitioner has a constitutionally protected liberty interest arising from his time here. His current detention denies him that freedom. *Carballo v. Andrews*, No. 25-978-KES (EPG), 2025 WL 2381464, at *7 (E.D. Cal. Aug. 15, 2025) (explaining that the "[p]etitioner has a constitutionally protected liberty interest arising from his years-long and successful period of release and integration into the community); *see also Doe v. Becerra*, 787 F. Supp. 3d 1083, 1093 (E.D. Cal. 2025) ("The Supreme Court has repeatedly recognized that individuals who have been released from custody, even where such release is conditional, have a liberty interest in their continued liberty." (citation omitted)). The Court thus finds that Petitioner has a significant interest in his continued liberty, and accordingly, the first *Mathews* factor favors Petitioner.

With respect to the second factor, the risk of erroneous deprivation is significant because Petitioner has not been afforded an individualized custody determination to contest his detention because the immigration court determined it did not have jurisdiction under *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025), to hold a bond hearing pursuant to Section 1226(a). Pet. at 11-12; *see Diep v. Wofford*, No. CV 24-1238-SKO (HC), 2025 WL 604744, at *5 (E.D. Cal. Feb. 25, 2025) (concluding that the risk of an erroneous deprivation of Petitioner's protected liberty interest "is high" where "[h]e has not received any bond or custody redetermination hearing" (citing *Jimenez v. Wolf*, No. CV 19-7996 (NC), 2020 WL 510347, at *3 (N.D. Cal. Jan. 30, 2020)). Given the absence of any procedural safeguards to determine if Petitioner's current detention was justified, "the probable

value of additional procedural safeguards, i.e., a bond hearing, is high." *A.E. v. Andrews*, 2025 WL 1424382, at *5 (E.D. Cal. May 16, 2025). The additional procedure of a bond hearing would mitigate the risk of erroneous deprivation of Petitioner's liberty as it would require the government to establish that Petitioner presents a flight risk or danger to the community. The second *Mathews* factor thus weighs in Petitioner's favor because the risk of erroneous deprivation of Petitioner's liberty is high.

With respect to the third factor, Respondents' interest in detaining Petitioner without notice, reasoning, and a hearing is low. The third *Mathews* factor weighs in Petitioner's favor. Respondents do not identify any fiscal or administrative burdens on the government that a hearing would entail. District courts have observed that bond hearings impose minimal burden on the government. *See Singh v. Barr*, 400 F. Supp. 3d 1005, 1021–22 (S.D. Cal. 2019); *Hilario M.R. v. Warden*, No. CV 24-998-EPG (HC), 2025 WL 1158841, at *9 (E.D. Cal. Apr. 21, 2025)). The Court acknowledges that the government has a strong interest in effecting removal. *Demore v. Kim*, 538 U.S. 510, 531 (2003). However, the key government interest at stake here "is not the continued detention of Petitioner, but the government's ability to detain him without a bond hearing." *Zagal-Alcaraz v. ICE Field Office Director*, No. CV 19-1358-SB, 2020 WL 1862254, at *7 (D. Or. Mar. 25, 2020). Providing a bond hearing would not undercut the government's interest in effecting removal, rather, the bond hearing will illuminate whether Petitioner represents a flight risk or danger to the community. After all, "the government has no legitimate interest in detaining individuals who have been determined not to be a danger to the community and whose appearance at future immigration proceedings can be reasonably ensured by a lesser bond or alternative conditions." *Hernandez v. Sessions*, 872 F.3d 976, 994 (9th Cir. 2017). The third *Mathews* factor weighs in Petitioner's favor.

///

In light of the significant liberty interest at stake, the high risk of erroneous deprivation, and Respondents' failure to show a significant interest in Petitioner's detention without a bond hearing, Petitioner is entitled to more process than he received. *See Mathews*, 424 U.S. at 335.[1] As noted, Petitioner seeks relief, *inter alia*, in the form of Petitioner's release or, alternatively, an order directing Respondents to release Petitioner unless they provide a bond hearing under 8 U.S.C. § 1226(a) within seven days. *See* Pet. at 20.

Here, the Court concludes that the specific harm Petitioner suffered is remedied by ordering Respondents to provide Petitioner an individualized bond hearing. *See S.E. v. Noem*, No. CV 26-356-DAD (SCR), 2026 WL 206085, at *4 n. 3 (E.D. Cal. Jan. 27, 2026) ("Based on the court's *Mathews* analysis, the court has determined that a post-deprivation bond hearing is the appropriate remedy at this stage of these proceedings."). The Court orders Respondents to provide Petitioner an individualized bond hearing within seven days of this Order. *See E.C. v. Noem*, No. CV 25-1789-RFB (BNW), 2025 WL 2916264, at *12 (D. Nev. Oct. 14, 2025) ("Given Petitioner's liberty interest is at stake, the Court finds that if a bond hearing is not provided promptly, within seven days of this Order, Petitioner's continued detention would violate his due process rights." (collecting cases)); *Diep*, 2025 WL 604744, at *5 (similar).

///

///

///

///

///

///

---

[1] As already noted, the Court declines to address Petitioner's remaining claims and whether Petitioner's detention is authorized under Section 1226(c) because the Petition can be resolved on due process grounds.

For the foregoing reasons, the Petition is **GRANTED IN PART**. IT IS HEREBY ORDERED THAT:

- Within seven (7) days of this Order, Respondents shall provide Petitioner a constitutionally adequate bond hearing before an immigration judge; and
- Respondents are directed to file a status report within ten (10) days of this Order demonstrating compliance with the Court's Order.

IT IS SO ORDERED.

DATED: September 16, 2026

/s/
ROZELLA A. OLIVER
UNITED STATES MAGISTRATE JUDGE